UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLOBAL DISCOVERIES, LTD., a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>REALTEC, LTD., a foreign corporation organized under the laws of the British Virgin Islands; ZAHRA GILAK, an individual; HASSAN IRAN POUY; UNITED STATES OF AMERICA,<br><br>Defendants. | No. 12-cv-05186 NC<br><br>**ORDER EXTENDING TIME FOR SERVICE AND ORDER TO SHOW CAUSE** |

On March 13, 2013, the Court held an Initial Case Management Conference and heard argument from plaintiff in response to the Court's Order to Show Cause why this action should not be dismissed for failure to serve the defendants. Dkt. No. 10. The Court finds that, under Federal Rule of Civil Procedure 4(m), there is good cause to extend the time for service with 30 days from the date of this Order. By April 12, 2013, plaintiff must submit a status report advising the Court of the status of service as to each defendant, summarizing what efforts have been, and will be made to effect service, and demonstrating good cause for the delay in service.

Additionally, as the Court noted at the Initial Case Management Conference, the

Case No. 12-cv-05186 NC
ORDER RE SERVICE
AND TO SHOW CAUSE

Court has concerns about the possible lack of federal subject matter jurisdiction in this action. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

The complaint here alleges that "[t]his Court has subject matter jurisdiction because the USA is a Defendant" and because "the Court has subject matter jurisdiction pursuant to 28 USC Section 1335." Dkt. No. 1 ¶ 6. These alleged bases are not sufficient to establish federal subject matter jurisdiction.

First, where the United States is a defendant, there are limited grounds for jurisdiction. *See e.g.*, 28 U.S.C § 1346(b) (Federal Tort Claims Act); § 1346(a)(2) (actions against the United States "not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort"). "The United States, as sovereign, is immune from suit save as it consents to be sued, . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Moreover, 28 U.S.C. § 2410(a)(5), which waives sovereign immunity in actions affecting property on which the United States has a lien, does not confer jurisdiction upon the federal courts when the United States is a defendant in an interpleader action under 28 U.S.C. § 1335. *Kent v. N. California Reg'l Office of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1327-28 (9th Cir.

Case No. 12-cv-05186 NC
ORDER RE SERVICE
AND TO SHOW CAUSE

2

1974).  Plaintiff here has not pointed to any specific basis for jurisdiction over the United States as a defendant and, therefore, has not met its burden to establish jurisdiction.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Second, the Federal Interpleader Act, 28 U.S.C. § 1335, requires that "two or more of the adverse claimants to the interpleaded funds be 'of diverse citizenship as defined in section 1332 of this title.'"  *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988) (quoting 28 U.S.C. § 1335(a)(1)).  The requisite "minimal diversity" in a statutory interpleader action depends on the citizenship of defendants who have been served.  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992); *see also Kent*, 497 F.2d at 1327 ("The United States, for the purposes of interpleader statute, is not a citizen of any state.")  Here, the complaint does not contain sufficient allegations to permit the Court to determine whether there is diversity between at least two of the claimants.

There are three defendants in this case, not considering the United States.  The complaint alleges that defendant Zahra Gilak is a citizen and resident of the State of California.  Dkt. No. 1 ¶ 3.  The complaint further states that defendant Realtec, Ltd. is "a corporation organized and existing under the laws of the British Virgin Islands," but does not allege Realtec, Ltd.'s principal place of business.  *Id.* ¶ 3.  *See* 28 U.S.C. § 1332(c) (for purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business") (emphasis added).  Thus, the mere allegation that a corporate party is incorporated in a particular state, without alleging where its principal place of business is located, is insufficient to establish diversity.  *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 365 n.3 (7th Cir. 1994); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982).

The complaint also fails to allege the citizenship of defendant Hassan Iran Pouy, and instead states only that defendant Pouy is a "resident of Tehran, Iran."  Dkt. No. 1 ¶ 4.  Allegations of residence are insufficient for purposes of establishing jurisdiction under 28

U.S.C. § 1332.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Quinn v. McGraw-Hill Companies, Inc.*, 168 F.3d 331, 334 n.1 (7th Cir. 1999).

The Court further notes that the complaint in this case does not adequately allege the citizenship of plaintiff.  The complaint states that plaintiff is a "Nevada Limited Liability Company."  Dkt. No. 1 ¶ 1.  That allegation, however, is insufficient because, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  While the citizenship of the plaintiff is generally not relevant in establishing "minimal diversity" for the purposes of a statutory interpleader action, *see* 28 U.S.C. § 1335(a)(1); *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 72-73 (1939), plaintiff's citizenship must be alleged if the interpleader action is maintained under Federal Rule 22 and jurisdiction is based on diversity.  Fed. R. Civ. P. 22.  *See Morongo Band of Mission Indians*, 858 F.2d at 1382 (holding that Rule 22 does not confer an independent ground of jurisdiction on the federal courts); *Franceskin v. Credit Suisse*, 214 F.3d 253, 259 (2d Cir. 2000) (holding that a federal court has diversity jurisdiction over an interpleader action brought pursuant to Rule 22 so long as the stakeholder is diverse from every claimant).

Third, in a statutory interpleader action, the plaintiff must either deposit the interpleaded funds into the registry of the Court, or give a bond to the clerk of the Court, together with sufficient surety.  28 U.S.C. § 1335(a)(2).  The deposit requirement in a statutory interpleader action is a jurisdictional prerequisite to maintenance of the action. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976).

//

1   Accordingly, in the status report to be filed by April 12, 2013, plaintiff must show
2 cause why this interpleader action should not be dismissed for lack of federal subject
3 matter jurisdiction and failure to deposit the interpleaded funds into the registry of the
4 Court.
5   IT IS SO ORDERED.
6   Date: March 14, 2013

   _____
   Nathanael M. Cousins
7  United States Magistrate Judge