UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLOBAL DISCOVERIES, LTD., a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>REALTEC, LTD., a foreign corporation organized under the laws of the British Virgin Islands; ZAHRA GILAK, an individual; HASSAN IRAN POUY; UNITED STATES OF AMERICA,<br><br>Defendants. | No. 12-cv-05186 NC<br><br>**ORDER TO SHOW CAUSE AND ORDER DENYING APPLICATIONS FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. Nos. 22, 23 |

The questions presented are (1) whether the Court has "minimal diversity" jurisdiction over this action under the Federal Interpleader Act, 28 U.S.C. § 1335, where, with the exception of the United States, all of the claimants to the interpleaded funds appear to be aliens; and (2) whether the Court should order service by publication on defendants Gilak and Pouy. For the reasons set forth below, the Court orders Global to show cause why the action should not be dismissed for lack of subject matter jurisdiction, and denies the requests for service by publication without prejudice to bringing further requests, if appropriate.

//

## I. BACKGROUND

This statutory interpleader case was filed on October 5, 2012 by Global Discoveries, Ltd. against defendants United States, Realtec, Ltd., Zahra Gilak, and Hassan Iran Pouy, requesting that defendants be ordered to interplead and litigate their competing claims to the funds from a tax sale. Dkt. Nos. 1, 17. On March 14, 2013, the Court ordered Global to show cause why this action should not be dismissed for lack of federal subject matter jurisdiction and failure to deposit the interpleaded funds into the registry of the Court. Dkt. No. 11. On April 11, 2013, Global timely filed a status report, requesting leave to file an amended complaint to plead jurisdictional facts, and additional time to complete service. Dkt. No. 15. On April 19, 2013, the Court issued an order finding the prior order to show cause satisfied, extending the time for service with 90 days from the date of the order, and setting a deadline of April 26, 2013 for Global to file an amended complaint and deposit the interpleaded funds into the registry of the Court. Dkt. No. 16. Global timely filed its First Amended Complaint and deposited the interpleaded funds. Dkt. No. 17.

On July 23, 2013, Global filed a case management report regarding the status of service, as ordered by the Court. Dkt. No. 19. The report states that Global has served the United States but has been unable to serve any of the remaining defendants, and requests that the Court extend the time for service. *Id.* According to the report, Global has retained a registered process server who is in process of serving Realtec, a British Virgin Islands corporation, and it is estimated that completing service might take as long as six months. Dkt. Nos. 17 ¶ 3; 19 ¶ 4. In addition, on July 30, 2013, Global filed applications requesting that the Court authorize service by publication on defendants Gilak and Pouy. Dkt. Nos. 22-23.

Global reports that its attempts to serve Gilak while she was in custody at the Federal Correctional Institution in Dublin, California, and later at the Contra Costa County West County Detention Facility while on "immigration hold" were unsuccessful. Dkt. No. 22-1 ¶¶ 41-46. Global believes that Gilak "has been deported to her country of origin, the Republic of Iran" and has been unable to obtain any further information regarding her

1  current address or whereabouts. *Id.* ¶¶ 47-51. Global has asked the U.S. Attorney's Office
2  for assistance in ascertaining where Gilak was deported to, and is awaiting further
3  information from them. *Id.* ¶ 48.

4  With respect to defendant Pouy, Global reports that Pouy "is and always has been a
5  resident of the Republic of Iran, has never resided in the United States, owns no real
6  property in California, and has no contacts with California." Dkt. Nos. 17 ¶ 5; 23-2 at 2.
7  Global has located no address for Pouy, and believes that he resides in the tribal areas of
8  the Republic of Iran with no direct mail service from/through the United States. Dkt. No.
9  23-2 at 2. The declaration submitted by Global's counsel explains that, since December
10 2012, Global has been in communication with an attorney in Reno, Nevada, who indicated
11 that he expected to obtain a specific Power of Attorney to act on behalf of Pouy and file a
12 responsive pleading in this case. Dkt. No. 23-1 ¶¶ 46-60. As of July 31, 2013, the attorney
13 had not informed Global that he was authorized to represent Pouy. Global asserts that the
14 Republic of Iran is not a signatory to the Hague Service Convention treaty, and that
15 publication is the only possible means of service on Pouy. Dkt. No. 23-2 at 3.

16 On July 31, 2013, the Court held a further case management conference. The Court
17 took Global's applications for service by publication under submission, and indicated that
18 it has renewed concerns regarding the lack of subject matter jurisdiction in this case.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

21 Global brings this case under the Federal Interpleader Act, 28 U.S.C. § 1335. Dkt.
22 No. 17 ¶ 1. Title 28 U.S.C. § 1335 requires that "two or more of the adverse claimants to
23 the interpleaded funds be 'of diverse citizenship as defined in section 1332 of this title.'"
24 *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376,
25 1381 (9th Cir. 1988) (quoting 28 U.S.C. § 1335(a)(1)). The requisite "minimal diversity"
26 in a statutory interpleader action depends on the citizenship of defendants who have been
27 served. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992); *see also*
28 *Kent v. N. California Reg'l Office of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1327 (9th

Cir. 1974) ("The United States, for the purposes of interpleader statute, is not a citizen of any state.")

The complaint in this case alleges that minimal diversity of citizenship exists because "claimants GILAK, REALTEC, and IRAN POUY are diverse." Dkt. No. 17 ¶ 8. The complaint further alleges that Realtec is a "corporation organized and existing under the laws of the British Virgin Islands," with its principal place of business in the British Virgin Islands, Pouy is "[A] a citizen of the Islamic Republic of Iran, and [B] a resident of Tehran, Iran," and Gilak "is a citizen and resident of the State of California." *Id.* ¶¶ 3-5. However, as acknowledged by Global in its status report and at the case management conference, the information that Gilak has now been deported indicates that she is not a U.S. citizen. Dkt. No. 22-1 ¶¶ 47-51. As a result, it appears that all of the claimants (aside from the United States) are aliens, and, therefore, the Court might not have had subject matter jurisdiction at the time this litigation was initiated. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (challenges to diversity jurisdiction are measured against the state of facts that existed at the time the action was filed); *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants.").

Even assuming for the purposes of the argument that Gilak was lawfully admitted as a permanent resident at the time of filing of this action, she would still be treated as an alien for the purposes of determining whether the Court has diversity jurisdiction in this case. *See, e.g., Shovlin v. Careless*, No. 12-cv-1120 PJH (JCS), 2013 WL 3354544, at *7 (N.D. Cal. June 26, 2013) (no diversity jurisdiction where plaintiff was a citizen of the United Kingdom residing in Chicago and defendants were all citizens of the United Kingdom); *Van Der Steen v. Sygen Int'l, PLC*, 464 F. Supp. 2d 931, 932, 936-37 (N.D. Cal. 2006) (no diversity jurisdiction over a suit between plaintiff, a citizen of the Netherlands and a permanent resident alien domiciled in California, and two alien corporations). Accordingly, it appears that there are no adverse claimants in this case that are of diverse citizenship as required to establish minimal diversity jurisdiction under 28

Case No. 12-cv-05186 NC
ORDER TO SHOW CAUSE AND
DENYING SERVICE BY PUBLICATION

4

U.S.C. § 1335(a)(1).

By September 4, 2013, Global must show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

**B.    Global's Requests for Service by Publication**

Global seeks an order directing that service be effected on Gilak and Pouy by publication in the Contra Costa Times, a newspaper of general circulation, published in the Counties of Contra Costa and Alameda, California. Dkt. Nos. 22-2 at 2; 23-2 at 2. This request is based on Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.50 as to both defendants, and, in addition, on Federal Rule of Civil Procedure 4(f)(3) as to Pouy. *Id.* Global asserts that publication in the Contra Costa Times is most likely to give actual notice of the pendency of this action to both Gilak and Pouy because "it is published in the county where the tax sold real property was located." Dkt. Nos. 22-1 at 10; 23-1 at 14. Additionally, Global asserts that the Contra Costa Times is published in the county "where GILAK resided before her arrest, and where GILAK was last held in custody within the United States." Dkt. No. 22-1 at 10.

On this record, the Court is not inclined to direct service by publication on defendants Gilak and Pouy for several reasons. First, it would be prudent in light of the potential lack of subject matter jurisdiction to defer ruling on Global's applications for service by publication until the jurisdictional issue has been resolved.

Second, the applications rely on Federal Rule of Civil Procedure 4(e)(1), which provides for methods of service "in a judicial district of the United States," and, therefore, does not apply to service on Gilak and Pouy who are not in the United States, based on the most recent information provided by Global. Fed. R. Civ. P. 4(e).

Third, Global has not addressed the application of 28 U.S.C. § 2361 (providing for nationwide service of process in the United States in statutory interpleader actions). Where the defendants cannot be found or are outside the United States, courts have permitted constructive service under 28 U.S.C. § 1655 (providing that "the court may order the absent defendant to appear or plead by a day certain. [¶] Such order shall be served on the

Case No. 12-cv-05186 NC
ORDER TO SHOW CAUSE AND
DENYING SERVICE BY PUBLICATION

5

1  absent defendant personally if practicable, wherever found, and also upon the person or
2  persons in possession or charge of such property, if any. Where personal service is not
3  practicable, the order shall be published as the court may direct, not less than once a week
4  for six consecutive weeks."). *See, e.g., U. S. v. Swan's Estate*, 441 F.2d 1082, 1085 (5th
5  Cir. 1971); *Fid. & Guar. Life Ins. Co. v. Freeman*, 94 F. Supp. 2d 689, 691 (D. Md. 2000);
6  *Bache Halsey Stuart Shields Inc. v. Garmaise*, 519 F. Supp. 682, 686 (S.D.N.Y. 1981); *cf.*
7  *A/S Krediit Pank v. Chase Manhattan Bank*, 155 F. Supp. 30, 37 (S.D.N.Y. 1957)
8  (permitting service under § 1655 on interpleaded defendants outside the United States but
9  noting that "the whole procedure provided by the Section [§ 1655] is predicated on the
10 absence of the defendants to be served from the jurisdiction, and mere absence in itself is
11 not sufficient to show that personal service is impractical."); *accord San Rafael Compania*
12 *Naviera, S. A. v. Am. Smelting & Ref. Co.*, 327 F.2d 581, 587-88 (9th Cir. 1964). Any
13 further application by Global to permit service by publication under 28 U.S.C. § 1655 must
14 be accompanied by a declaration setting forth facts demonstrating that personal service on
15 the defendants is not practicable.

16     Fourth, the publication in the Contra Costa Times is not likely to give actual notice
17 of the pendency of this action to either Gilak or Pouy. As an initial matter, at the case
18 management conference Global acknowledged that the statement in its applications that the
19 Contra Costa Times is "published in the county where the tax sold real property was
20 located" is erroneous, and that the real property was located in Sonoma County. *See* Dkt.
21 Nos. 17 ¶ 10; 22-1 ¶ 8; 23-1 ¶ 8. Moreover, it is not clear how a publication solely in
22 Sonoma County would be likely to provide actual notice to a defendant who lives in Iran.
23 *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process
24 requires "notice reasonably calculated, under all the circumstances, to apprise interested
25 parties of the pendency of the action and afford them an opportunity to present their
26 objections. . . . The means employed must be such as one desirous of actually informing
27 the absentee might reasonably adopt to accomplish it." (citations omitted)). Any further
28 application by Global to permit service by publication on Pouy must address whether the

Case No. 12-cv-05186 NC
ORDER TO SHOW CAUSE AND
DENYING SERVICE BY PUBLICATION
6

Court should order service by publication in Iranian and/or international publications.

Additionally, to the extent Global also requests an order permitting service on Pouy via attorney Franke, any such request must be based on facts showing that such service is reasonably calculated to give actual notice of the case to Pouy. *See Forum Fin. Grp., LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 24-25 (D. Me. 2001) (authorizing service on defendant who resided in Russia by service upon New York attorney given defendant's efforts to evade service in Russia, and attorney's recent acceptance of service on defendant's behalf in case also involving defendant's business dealings in Russia); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) ("District courts have not authorized service on a lawyer unless there has been adequate communication between the foreign defendant and the lawyer.").

With respect to Gilak, Global indicated that it is in communication with the U.S. Attorney's office to ascertain the location to which Gilak was deported. It is thus appropriate for the Court to defer its decision on the merits of Global's application to direct service on Gilak by publication.

Accordingly, the Court denies Global's applications for service by publication on Pouy and Gilak without prejudice to bringing further requests, if appropriate.

**C.     Time for Service**

The time limit for service under Federal Rule of Civil Procedure 4(m) does not apply to service in a foreign country under Rule 4(f). Fed. R. Civ. P. 4(m). Because all of the defendants who currently remain to be served appear to be outside of the United States, it is not necessary to extend the time for service at this time.

//

Case No. 12-cv-05186 NC
ORDER TO SHOW CAUSE AND
DENYING SERVICE BY PUBLICATION

7

**D.    Further Case Management Conference**

A further case management conference will be held on October 30, 2013 at 10:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The parties must file a joint case management statement by October 23, 2013.

IT IS SO ORDERED.

Date: August 13, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge